UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANDREA HILL, as Mother and Natural Guardian of Kyle Hill, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 2:06 CV 329 |
| Vs. | : | Judge Sargus |
| RICHARD D. ST. ONGE, M.D., et al., | : | Magistrate Judge Abel |
| Defendants. | : | |

## DEFENDANTS' FIRST MOTION IN LIMINE

Pursuant to the Court's Pretrial Order, the Defendants move this Court for an Order *in Limine* prohibiting, any testimony concerning statements, gestures of apology, sympathy, commiseration, condolence, compassion, or any general sense of benevolence attributed to Defendant Dr. St. Onge and/or Defendant Dr. Gaines.

Respectfully submitted,

ARNOLD TODARO & WELCH CO., L.P.A.

/s/Gerald J. Todaro
Gerald J. Todaro                (0000946)
Gregory B. Foliano            (0047239)
2075 Marble Cliff Office Park
Columbus, Ohio 43215
Email:        gfoliano@arnoldlaw.net
                 gtodaro@arnoldlaw.net
Phone:        (614) 485-1800
Fax:            (614) 485-1944
Counsel for Defendants Richard St. Onge, M.D.;
Lyndon B. Gaines, M.D. and Holzer Clinic Inc.

LAW OFFICES OF

ARNOLD TODARO
& WELCH

2075 MARBLE CLIFF OFFICE PARK
COLUMBUS, OHIO 43215
PHONE  (614) 485-1800
FAX      (614) 485-1944

<u>MEMORANDUM IN SUPPORT OF MOTION</u>

I.      <u>Facts:</u>

On August 17, 2009, Defendants deposed the Plaintiff, Andrea Hill.  Her first deposition was completed in November 2003.  A short follow-up deposition was done on Monday, August 17, 2009, to follow up on Kyle Hill's current medical condition and discussions with Dr. St. Onge and Dr. Gaines.  Because of the time lapse, the transcript is not available.  However, Defendants will file portions of the transcript as a supplement to the Defendants Motion.

During the course of the deposition, Plaintiff Andrea Hill stated that after the delivery Dr. St. Onge stopped by to see her in the hospital.  He came in, sat down on her bed, and told her that he was sorry and felt responsible.  The specific conciliatory and apologetic statements will be submitted as a supplement to this Motion as soon as the transcripts are received.

II.     <u>Law and Argument:</u>

"Motions in Limine are generally used to ensure even-handed an expeditious management of trials by eliminating evidence that is clearly inadmissible for any purpose." *Schlegel v. Li Chen Song*, 547 F.Supp.2d 792, 796 (N.D. Ohio 2008) (citing *Jonasson v. Lutheran Child and Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997).  The District Court further stated that exclusion of evidence in limine is limited to evidence clearly inadmissible on all potential grounds.  *Cf. Luce v. United States*, 469 U.S. 38, 41 n.4, 105 S.Ct. 460, 463 n. 4, 83 L.Ed.2d 443 (1984).  However, the District Court noted that unless the evidence meets the clearly inadmissible standard, evidentiary ruling should be deferred until trial so that the questions of foundation, relevance, and potential prejudice are resolved in the context of all of the evidence.  *Schlegel,* 547 F.Supp.2d at 796.

O.R.C. §2317.43 (A) provides as follows:

LAW OFFICES OF

ARNOLD TODARO
& WELCH

2075 MARBLE CLIFF OFFICE PARK
COLUMBUS, OHIO 43215
PHONE  (614) 485-1800
FAX      (614) 485-1944

2

> In any civil action brought by an alleged victim of an <u>unanticipated outcome of medical care</u> or in any arbitration proceeding related to such a civil action, <u>any and all</u> statements, affirmations, gestures, or conduct expressing apology, sympathy, commiseration, condolence, compassion, or a general sense of benevolence that are made by a health care provider or an employee of a health care provider to the alleged victim, a relative of the alleged victim, or a representative of the alleged victim, and that relate to the discomfort, pain, suffering, injury, or death of the alleged victim as the result of the unanticipated outcome of medical care are <u>inadmissible as evidence of an admission of liability or as evidence of an admission against interest</u>.  (emphasis added)

Defendants anticipate that Plaintiff will attempt to offer testimony at trial regarding statements and/or gestures allegedly made by Dr. St. Onge to Plaintiff after the "unexpected outcome" during delivery of Kyle Hill as evidence of an admission of liability or an admission against interest by Dr. St. Onge.  However, O.R.C. §2317.43 makes it clear that any of the comments such as those set forth above, such as "I feel responsible", or any gestures of the same, are not admissible when they occur after an "unanticipated outcome of medical care" which is exactly what we have in this case.  Dr. St. Onge's alleged statements express sympathy, sorry and a general sense of benevolence for his patient's injury and should in no way be construed as an admission of liability of an admission against interest.  O.R.C. §2317.43 was enacted for the specific purpose of protecting healthcare providers, who may make sympathetic comments to their patients, from having those same comments used against them as an admission at trial.  Public policy underlies the enactment of this statute that became effective nearly 40 years ago, in 1971.

Open and honest communication to a patient about a complication should be encouraged, including statements and gestures of "apology, sympathy" as recognized by the

LAW OFFICES OF

ARNOLD TODARO
& WELCH

2075 MARBLE CLIFF OFFICE PARK
COLUMBUS, OHIO 43215
PHONE  (614) 485-1800
FAX      (614) 485-1944

express words of O.R.C. §2317.43.  This is ethical and humane behavior on the part of health care providers such as Dr. St. Onge and Dr. Gaines.  Indeed, for a conscientious physician, a complication occurring during the course of delivering a baby is a stunning and bewildering situation that would make the caring provider want to express openly his or her feelings of sympathy and even regret concerning the complication.  Their expressions are not, and should not, be confused with an admission of liability or an admission against interest.

Plaintiff will argue that Dr. St. Onge's and perhaps Dr. Gaines' alleged comments and actions are being offered not to prove liability, but rather for some other purpose.  But, there can be no other purpose for introduction of any such conduct.  The danger involved with allowing the jury to hear any reference to expressions of sympathy or apology is that the bell cannot then be un-rung.   Once such testimony is allowed, the jury may mistakenly infer that Dr. St. Onge and/or Dr. Gaines have admitted liability in this case.  This is precisely the scenario protected by statute, which allows a physician to express normal human emotion to a patient without fear of those emotional expressions being used against the physician at trial.

For the reasons set forth hereinabove, Defendants, Dr. St. Onge and Dr. Gaines respectfully request that this Honorable Court issue an order *in Limine* precluding Plaintiffs from offering testimony concerning statements or gestures of apology, sympathy, commiseration, condolence, compassion, or of a general sense of benevolence attributed to Defendant St. Onge and/or by Dr. Gaines about the unanticipated outcome and truly an "unanticipated" injury to Kyle Hill.

Respectfully submitted,

ARNOLD TODARO & WELCH CO., L.P.A.

/s/Gerald J. Todaro

LAW OFFICES OF

ARNOLD TODARO
& WELCH

2075 Marble Cliff Office Park
Columbus, Ohio 43215
Phone  (614) 485-1800
Fax      (614) 485-1944

4

Gerald J. Todaro          (0000946)
Gregory B. Foliano        (0047239)
2075 Marble Cliff Office Park
Columbus, Ohio 43215
Email:       gfoliano@arnoldlaw.net
             gtodaro@arnoldlaw.net
Phone:       (614) 485-1800
Fax:         (614) 485-1944
Counsel for Defendants Richard St. Onge, M.D.;
Lyndon B. Gaines, M.D. and Holzer Clinic Inc.

LAW OFFICES OF

ARNOLD TODARO
& WELCH

2075 MARBLE CLIFF OFFICE PARK
COLUMBUS, OHIO 43215
PHONE  (614) 485-1800
FAX     (614) 485-1944

5

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was served upon all parties or counsel of record electronically and by regular U.S. mail, postage prepaid, this __24th__ day of _____August_____ 2009.

N. Gerald DiCuccio
Gail M. Zalimeni
Butler, Cincione & DiCuccio
2200 W. Fifth Avenue, Third Floor
Columbus, Ohio 43212
Counsel for Plaintiff


/s/ Gerald J. Todaro
Gerald J. Todaro  (#0000946)

Law Offices Of

Arnold Todaro
& Welch

2075 Marble Cliff Office Park
Columbus, Ohio 43215
Phone  (614) 485-1800
Fax    (614) 485-1944

6