UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ANDREA HILL, as Mother and Natural Guardian of Kyle Hill, | : |
| Plaintiff, | : Civil Action No. 2:06 CV 329 |
| Vs. | : Judge Sargus |
| RICHARD D. ST. ONGE, M.D., et al. | : Magistrate Judge Abel |
| Defendants. | : |

## PLAINTIFF'S MEMORANDUM CONTRA DEFENDANT'S MOTION IN LIMINE #1 BASED ON RC 2317.43(A)

Defendants' Motion in Limine Number One to exclude Defendant St. Onge's statement to the Plaintiff ignores the Federal Rules of Evidence which support admission of this evidence and seeks to exclude it based on RC 2317.43(A), which precludes a doctor's statements of apology, etc, to prove liability in state court actions. RC 2317.43(A) is a state statute governing procedure in state courts and confers no substantive rights in state court or in this Court. RC 2317.43(A) does not apply to this case. *Infra.* The admissibility of this evidence is supported by Fed.Ev.R. 801(d)(2)(A), 801(d)(2)(C), 801(d)(2)(D), and prior caselaw from this court.

Dr St Onge's statement to Ms Hill that he was sorry and that he felt responsible is admissible against him as an admission by a party opponent, and so is not hearsay. Fed.Ev.R. 801(d)(2)(A). His statement is also admissible against his employer, Holzer Clinic, under Fed.Ev.R. 801(d)(2)(C) and (D), as St Onge was authorized to make statements regarding Ms Hill's care and treatment, and the statements were made in the course and scope of his employment while he was employed by Holzer. U.S. v. Wiedyk,

71 F.3d 602 (6th Cir., Mich., 1995). See this Court's Decision and Holding in <u>Becton v. Starbucks Corp.</u>, 2007 WL 2688128 (S.D.Ohio,2007) in support of admission of Defendant Dr. St. Onge's statement to Andrea Hill. Infra. Fed.Ev.R. 801(d) provides as follows:

> **(d) Statements which are not hearsay.**
>
> A statement is not hearsay if--
>
> (1) *Prior statement by witness*. The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is (A) inconsistent with the declarant's testimony, and was given under oath subject to the penalty of perjury at a trial, hearing, or other proceeding, or in a deposition, or (B) consistent with the declarant's testimony and is offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive, or (C) one of identification of a person made after perceiving the person; or
>
> (2)*Admission by party-opponent*. The statement is offered against a party and is
>
> (A) the party's own statement, in either an individual or a representative capacity or
>
> (B) a statement of which the party has manifested an adoption or belief in its truth, or
>
> (C) a statement by a person authorized by the party to make a statement concerning the subject, or
>
> (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship, or
>
> (E) a statement by a coconspirator of a party during the course and in furtherance of the conspiracy.
>
> The contents of the statement shall be considered but are not alone sufficient to establish the declarant's authority under subdivision (C), the agency or employment relationship and scope thereof under subdivision (D), or the existence of the conspiracy and the participation therein of the declarant and the party against whom the statement is offered under subdivision (E).

Fed.Ev.R. 801(d) clearly applies and supports admission of these statements herein.

"Rules regarding the admissibility of evidence govern procedure and do not confer substantive rights." State v. Horsley, 2006 WL 648849, 2006-Ohio-1208 (Ohio 10th App.Dist.), *unreported*, at ¶21. While not stating it outright, Collins v. McClure (1939), 63 Ohio App. 312, differentiates between evidentiary statutes and substantive statutes, and says that <u>evidentiary statutes are not applied in courts of other states</u>.

Admissibility of evidence is a procedural matter. *See e.g.*, Brown v. Ford Motor Co., 67 F.Supp.2d 581 (ED Va, 1999); Monarch Ins. Co. of Ohio v. Spach, 281 F.2d 401 (5th Cir., 1960) ("Rules of evidence should be treated within the domain of procedural law." At FN 16 (*citation omitted*)).

RC 2317.43(A) does not apply herein as it is merely a state rule of procedure governing the admissibility of evidence. Admissibility of evidence is governed by federal law in district courts sitting in diversity. Hanna v. Plumer (1965), 380 U.S. 460 ("federal courts are to apply state substantive law and federal procedural law." At 465).

Feldman v. Allstate Ins. Co., 322 F.3d 660 (9th Cir.,Cal., 2003) explained that while most evidentiary rules are procedural in nature, there can be an exception where "state evidence rules that are "intimately bound up" with the state's substantive decision making must be given full effect by federal courts sitting in diversity." At 666 (*citations omitted*). RC 2317.43 is <u>not</u> so bound with Ohio's substantive decision making that this exception to the rule would apply herein. *See also* Sims v. Great American Life Ins. Co., 469 F.3d 870 (10th Cir.,Okla., 2006), stating "The admissibility of evidence in diversity cases in federal court is generally governed by federal law. Nevertheless, it is well recognized that Congress did not intend the procedural rules to preempt the so-called substantive state rules of evidence, such as the parol evidence rule, the collateral source

3

rule, or the statute of frauds; although the application of these rules will affect the admissibility of some evidence, they in reality serve substantive state policies regulating private transactions." At 880 (*citation omitted*). RC 2317.43 is not a substantive state rule of evidence; it does not serve a substantive state policy regulating private transactions.

Judge Holschuh, speaking for this Court, denied a motion in limine regarding an apology by the defendant. Becton v. Starbucks Corp., 2007 WL 2688128 (S.D.Ohio,2007). Becton was decided pursuant to the Federal Rules of Evidence which govern admissibility in U.S. District Courts. In Becton, the plaintiff was injured when the lids from two coffee cups fell off and burned him; he alleged that they had been put on improperly. Plaintiff executed an affidavit stating that the Starbucks manager on duty approached him after the incident and apologized to him, stating that she saw the incident and that the coffee spilled because the lids had not been put on properly. Plaintiff himself did not know why the coffee spilled and so the manager's statement was the only evidence on the issue. This court held her statement, including her apology, admissible as it was: (1) an admission by a party opponent "by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship" (Fed.Ev.R. 801(d)(2)(D)), (2) proper opinion testimony by a lay witness, as it was rationally based on her perceptions and helpful to determine the fact at issue (Fed.Ev.R. 701), (3) based on her own knowledge (Fed.Ev.R. 602), and (4) highly probative and not unfairly prejudicial (Fed.Ev.R. 403).

In this case each of these elements is also present. Dr St Onge's apology to Ms Hill was an admission by a party opponent (he stated that he felt "responsible"), and so is

admissible as it is not hearsay Fed.Ev.R. 801(d)(2)(A) (the party's own statement). It is also proper testimony by a lay witness – it is not Ms Hill's opinion so Fed.Ev.R. 701 does not come into play, but it is based on her own knowledge satisfying Fed.Ev.R. 602. Finally, Dr St Onge's apology is highly probative and not unfairly prejudicial. The Becton court noted that all admissions by a party opponent are by their nature prejudicial; however, to be excluded under Fed.Ev.R. 403 they must be <u>unfairly</u> prejudicial. Id. Plaintiff Andrea Hill's testimony to what Defendant St. Onge said does not rise to the level of <u>unfair</u> prejudice. Id. He and his counsel may claim/explain/argue that a doctor should be able to express sympathy without liability. However, he did not only say he was sorry but also said he felt <u>responsible</u>.

An apology can be admissible as an exception to hearsay under Fed.Ev.R. 803(3) as evidence of state of mind, but not as evidence as to why the person held that state of mind. U.S. v. Samaniego, 345 F.3d 1280 (11th Cir., Fla., 2003). "Consistent with that position, we have explained that the purpose of the exclusion from Rule 803(3) admissibility is to narrowly limit those admissible statements to declarations of condition-'I'm scared'-and not belief-'I'm scared because someone threatened me.'" At 1282 (*citation omitted*).

Generally, federal courts only exclude an apology in criminal cases where it was not voluntary, i.e., if there was an interrogation, etc. Recognizing that an apology is an admission by a party opponent, the court in U.S. v. Acevedo, 117 F.3d 1429 (10th Cir., N.M., 1997), reversed the trial court when it sentenced the criminal defendant to write the victim a letter of apology when he had always claimed he was innocent as "such apology could perhaps be admissible evidence in a civil proceeding" by the victim against the

defendant. At *5. Defendant Dr. St. Onge's statement that he felt sorry and responsible was not coerced and is admissible in this civil proceeding.

**CONCLUSION**

State procedural rules of evidence such as RC 2317.43(A) are not applicable to federal court cases. Ms Hill should be allowed to testify as to all relevant statements made to her by Dr St Onge and other Defendants. Defendants' Motion in Limine regarding Dr St Onge's statement of apology and responsibility to Ms Hill should be denied and her testimony admitted.

RESPECTFULLY SUBMITTED,

/s/ Gary W. Hammond
Gary W. Hammond (0001941)
Hammond Sewards & Williams
556 E. Town St.
Columbus, OH 43215
614-228-6061/614-228-5883 (fax)
ghammond@hswlawyers.com
Trial Counsel for Plaintiff

/s/ Gail M. Zalimeni
N. Gerald DiCuccio
Gail M. Zalimeni
Butler Cincione and DiCuccio
2200 W. Fifth Avenue, 3rd Flr.
Columbus, OH 43212
gzalimeni@bcdlaws.com
Co-Counsel for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that a true and accurate copy of the foregoing was served upon the following electronically and by regular US mail, this 31st day of August, 2009.

Gerald Todaro
Gregory Foliano
ARNOLD TODARO & WELCH
2075 Marble Cliff Office Park
Columbus, OH 43215
Counsel for Defendants
gfoliano@arnoldlaw.net
gtodaro@arnoldlaw.net

        /s/ Gary W. Hammond
        GARY W. HAMMOND  0001941