UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ANDREA HILL, as Mother and
Natural Guardian of Kyle Hill,

    Plaintiff,

Vs.

RICHARD D. ST. ONGE, M.D., et al.

    Defendants.

Civil Action No. 2:06 CV 329

Judge Sargus

Magistrate Judge Abel

## PLAINTIFF'S MEMORANDUM CONTRA DEFENDANT'S MOTION IN LIMINE #3 REGARDING INFORMED CONSENT

In their third motion in limine, Defendants seek to exclude testimony by Andrea Hill on what she would have done if she had known the risk of a bad outcome from VBAC. Her testimony is probative in support of Plaintiff's claim the Defendants failed to provide her with a proper informed consent regarding the risk of a Trial of Labor (TOL) aimed at a Vaginal Birth After Cesarean Birth (VBAC), including uterine rupture and catastrophic neurologic injury to her baby, both of which occurred here.

The only case cited by Defendants is Nickell v. Gonzalez (1985), 17 Ohio St.3d 136, which held at syllabus:

> "The tort of lack of informed consent is established when:
> (a) The physician fails to disclose to the patient and discuss the material risks and dangers inherently and potentially involved with respect to the proposed therapy, if any;
> (b) the unrevealed risks and dangers which should have been disclosed by the physician actually materialize and are the proximate cause of the injury to the patient; and
> (c) a reasonable person in the position of the patient would have decided against the therapy had the material risks and dangers inherent and incidental to treatment been disclosed to him or her prior to the therapy."

In seeking to exclude Andrea Hill's testimony, Defendants rely entirely on the Nickell case element (c) and argues that since a reasonable person standard is used, her testimony that she would not have had a VBAC had she known the risks is not relevant and is just a self-serving hindsight conclusion. However, Nickell does not support exclusion of Plaintiff's testimony. Under Nickell Plaintiff's testimony regarding what she would have done is relevant and admissible. Nickell specifically states, "The patient's hindsight (i.e., testimony as to her hypothetical response to the undisclosed information), while relevant, is not determinative." At 139 (*citation omitted*).

In Nickell, the plaintiff claimed lack of informed consent when the doctor did not tell her of a very remote risk (an "extraordinarily unusual occurrence" which she suffered) which was not normally associated with the operation performed. The jury found for the doctor, but the trial court granted plaintiff jnov, which was overturned by the court of appeals; the Supreme Court affirmed the court of appeals. The Ohio Supreme Court held, "Reasonable minds might very well differ as to whether disclosure of an extraordinary improbable risk would dissuade a reasonable person from engaging in what testimony showed to be routine and not abnormally dangerous procedure." Id. Accordingly, the Plaintiff's testimony as to what she would or would not do is relevant and admissible evidence under Nickell, though not dispositive of the issue under Nickell (C). Supra/infra.

Other Ohio cases support the relevance and admissibility of Plaintiff's testimony. In York v. Mayfield Neurological Inst., Inc. (1999), 133 Ohio App.3d 777, the court allowed plaintiff to testify that if he had been aware of stroke as a risk of his surgery, he would not have undergone the surgery; the jury found he had not given informed consent.

2

York held that whether the patient, if fully informed of the material risks of the surgery, would have had the surgery anyway to be a question of fact; the fact that this patient said he would not have had the surgery is not dispositive. It also reiterates that the third element of Nickell is not just a reasonable person, but a reasonable person *in the position of the plaintiff*.

In Jefferson v. Eboh, 1996 WL 355037 (Ohio 3rd App.Dist.), unreported, <u>the court held there was a genuine issue of fact as to whether plaintiff would have consented has he been fully informed of the risks</u>; summary judgment for defendant was not appropriate.

The Federal Courts are in accord. *See:* Canterbury v. Spence, 464 F.2d 772 (DC Cir., 1972) (patient's testimony is relevant under objective standard, but should not dominate); *and* Crain v. Allison (1982), 443 A.2d 558. "Although the patient's testimony is relevant on the issue of causation, the test of causation is objective." At FN 14. In Hartke v. McKelway, 707 F.2d 1544 (DC Circ, 1983) the DC Circuit discusses how these standards are often actually mixed and courts use both: "What may eventually emerge is a standard of causation that requires the plaintiff to prove both that he or she would in fact have avoided the risk if informed of it *and* that a reasonable person would have done so." At 1550, FN6.

**CONCLUSION**

Defendants' Motion in Limine is not well taken. Andrea Hill's testimony should be admitted and considered along with a proper jury instruction on informed consent as submitted by the Plaintiff.

3

RESPECTFULLY SUBMITTED,

/s/ Gary W. Hammond
Gary W. Hammond (0001941)
Hammond Sewards & Williams
556 E. Town St.
Columbus, OH 43215
614-228-6061/614-228-5883 (fax)
ghammond@hswlawyers.com
Trial Counsel for Plaintiff

/s/ Gail M. Zalimeni
N. Gerald DiCuccio
Gail M. Zalimeni
Butler Cincione and DiCuccio
2200 W. Fifth Avenue, 3rd Flr.
Columbus, OH 43212
gzalimeni@bcdlaws.com
Co-Counsel for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that a true and accurate copy of the foregoing was served upon the following electronically and by regular US mail, this 31st day of August, 2009.

Gerald Todaro
Gregory Foliano
ARNOLD TODARO & WELCH
2075 Marble Cliff Office Park
Columbus, OH 43215
Counsel for Defendants
gfoliano@arnoldlaw.net
gtodaro@arnoldlaw.net

/s/ Gary W. Hammond
GARY W. HAMMOND       0001941

4