IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ANDREA HILL, as Mother and
Natural Guardian of Kyle Hill,
Plaintiff,

v.

RICHARD D. ST. ONGE, M.D., et al.,
Defendants.

Case No. 2:06-cv-329

JUDGE EDMUND A. SARGUS, JR.

MAGISTRATE JUDGE MARK R. ABEL

## ORDER

This matter is before the Court for consideration of Defendants' First, Second, and Third Motions in Limine (Docs. 102, 101, and 100, respectively) and Plaintiff's Motion in Limine (Document 97). For the reasons that follow, Defendants' First and Second Motions in Limine (Doc. 102 and 101) are **GRANTED**, and Defendants' Third Motion in Limine (Doc. 100) is **DENIED**. Plaintiff's Motion in Limine (Doc. 97) is deferred until trial.

## I.    Defendants' First Motion in Limine

Citing Ohio Revised Code § 2317.43(A), Defendants moved the Court for an order prohibiting testimony concerning statements or gestures of apology, sympathy, commiseration, condolence, compassion, or any general sense of benevolence attributed to Defendant Dr. St. Onge or Defendant Dr. Gaines. That section provides that such testimony is "inadmissible as evidence of an admission of liability or as evidence of an admission against interest [sic]" in "any civil action brought by an alleged victim of an unanticipated outcome of medical care." Ohio Rev. Code § 2317.43(A).

Plaintiff asserts that the Federal Rules of Evidence, rather than § 2317.43(A), controls the admissibility of such evidence. However, as Plaintiff acknowledges, a state evidence rule applies, notwithstanding the Federal Rules of Evidence, if the state rule is "'intimately bound up'

with the state's substantive decision making" and "serve[s] substantive state policies." *Feldman v. Allstate Ins. Co.*, 322 F.3d 660, 666 (9th Cir. 2003); *Sims v. Great Am. Life Ins. Co.*, 469 F.3d 870, 880 (10th Cir. 2006) ("where a conflict exists between the Federal Rules of Evidence and state law, we apply the Federal Rules unless the state law reflects substantive concerns or policies"). The Court finds that Ohio Revised Code § 2317.43(A) serves and is "intimately bound up" with the state's substantive concern or policy of allowing doctors to express sympathy to patients without penalty. Section 2317.43(A) therefore controls, and precludes the admission of "statements, affirmations, gestures, or conduct expressing apology, sympathy, commiseration, condolence, compassion, or a general sense of benevolence." The Court thereby **GRANTS** Defendants' First Motion in Limine (Doc. 102), and **ORDERS** that no evidence described in Ohio Revised Code § 2317.43(A) shall be admitted as evidence of an admission of liability or as evidence of an admission against interest.

## II. Defendants' Second Motion in Limine

Defendants moved the Court for an order prohibiting any testimony regarding Dr. St. Onge's medical license suspension in Ohio and West Virginia.

To the extent that Dr. St. Onge will be testifying as a fact witness, no evidence of his license suspension will be elicited, for the same reasons discussed in the Court's August 18, 2009 Order granting in part and denying in part Defendants' Motion for Protective Orders. If on <u>direct</u> examination Dr. St. Onge were to present purely expert testimony involving an opinion, on the other hand, his license suspension would be admissible insofar as the jury would have to know of his professional qualifications to properly weigh any such opinion.

Plaintiff cites a South Dakota case, *Mousseau v. Schwartz*, to suggest that Dr. St. Onge will inevitably present expert testimony, necessitating the admission of evidence of his license suspension. (Pl.'s Br. 2 (citing *Mousseau v. Schwartz*, 756 N.W.2d 345 (S.D. 2008)).) In

2

*Mousseau*, the defendant doctor had entered into an agreed stipulation with the state medical board whereby his medical license was placed on probationary status and his practice of medicine was restricted. *Mousseau*, 756 N.W.2d at 349–50. The trial court allowed the defendant doctor to testify as a fact witness without inquiry into the stipulation. *Id.*, 756 N.W.2d at 355. On appeal, however, the Supreme Court of South Dakota found that the doctor had in effect offered expert testimony as to the applicable standard of care when he testified "as to the practice that he and others would follow during the various stages of the procedures that he performed on [the plaintiff]." *Id.*, 756 N.W.2d at 358. The court held that the trial court had abused its discretion by excluding evidence of the stipulation. *Id.*, 756 N.W.2d at 363.

Even if this Court were bound by *Mousseau*, that case is distinguishable from the case at bar. The South Dakota court found that the defendant doctor had offered expert testimony on the standard of care. Here, Defendants have represented that Dr. St. Onge will not be presenting expert testimony—a representation which, for the purpose of this motion, the Court will presume to be accurate.

The Court hereby **GRANTS** Defendant's Second Motion in Limine (Doc. 101) and **ORDERS** that no testimony regarding Dr. St. Onge's medical license suspension shall be admitted; provided, however, that Dr. St. Onge may testify only as a fact witness, and may not present purely expert testimony involving an opinion. The Court notes that if Dr. St. Onge presents expert testimony involving an opinion on <u>direct</u> examination, the Court may allow the admission of evidence regarding the doctor's license suspension.

However, because the parties will be referring to Dr. St. Onge as a doctor, according to his title, the Court further **ORDERS** that the parties may inquire on the record as to whether Dr. St. Onge is currently practicing medicine, provided that no further questions or testimony on this topic shall be allowed.

3

## III. Defendants' Third Motion in Limine

Defendants moved this Court for an order prohibiting any testimony regarding Plaintiff Andrea Hill's personal decision to attempt a VBAC had she known the risk of a bad outcome. Defendants assert that "Plaintiffs must submit testimony on what a reasonable person would do in the same or similar circumstance. Consequently, the Plaintiff's testimony concerning what she would have done, if she had only known of the risks and complications is not relevant to the reasonable person standard." (Mot. 3.) The Court disagrees. As Defendants note in their memorandum, "[t]he patient's hindsight (i.e., testimony as to her hypothetical response to the undisclosed information), while relevant, is not determinative." *Nickell v. Gonzalez*, 17 Ohio St. 3d 136, 139 (1985). Because such testimony is relevant and not otherwise inadmissible, the Court hereby **DENIES** Defendants' Third Motion in Limine (Doc. 100).

## IV. Plaintiff's Motion in Limine

Citing Rule 403, Plaintiff moved the Court for an order prohibiting Defendants from calling two expert witnesses on obstetrical care, Dr. Landon and Dr. Flamm, contending that their testimony is duplicative and cumulative.

"Although relevant, evidence may be excluded if its probative value is substantially outweighed . . . by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. The Court defers this matter until trial, and notes that purely duplicative testimony will not be allowed.

**IT IS SO ORDERED.**

9-1-2009
DATED

EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE

4